RANDALL DEAN STANCLIFF,　　　　　)
　　　　　　　　　　　　　　　　　)　　**Rutherford Chancery**
　　　　　Plaintiff/Appellee,　　　　)　　**No. 96DR-1280**
　　　　　　　　　　　　　　　　　)
VS.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　**Appeal No.**
PATRICIA SUSAN STANCLIFF,　　　　)　　**01A01-9802-CH-00078**
　　　　　　　　　　　　　　　　　)
　　　　　Defendant/Appellant.　　　)

**FILED**

**October 16, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

**APPEAL FROM THE RUTHERFORD CHANCERY**
**AT MURFREESBORO, TENNESSEE**

**HONORABLE DON R. ASH, JUDGE**


Roger Hudson, #7014
16 Public Square North
Murfreesboro, Tennessee 37130
ATTORNEY FOR PLAINTIFF/APPELLEE

P. Edward Schell
136 Fourth Avenue South
Franklin, Tennessee 37064
ATTORNEY FOR DEFENDANT/APPELLANT


**AFFIRMED AND REMANDED.**


　　　　　　　　　　　　HENRY F. TODD
　　　　　　　　　　　　PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE


CONCUR IN THE RESULTS:
WILLIAM C. KOCH, JR., JUDGE

| RANDALL DEAN STANCLIFF, | ) | |
|---|---|---|
| | ) | **Rutherford Chancery** |
| Plaintiff/Appellee, | ) | **No. 96DR-1280** |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| PATRICIA SUSAN STANCLIFF, | ) | **01A01-9802-CH-00078** |
| | ) | |
| Defendant/Appellant. | ) | |

# O P I N I O N

In this divorce case, the defendant-wife has appealed from the judgment of the Trial Court presenting the following issues:

>I.      Whether the Chancery Court erred in finding that Appellant was not entitled to an award of rehabilitative alimony.

>II.      Whether the Chancery Court erred in finding that Appellant was entitled to the sum of Three Thousand Six Hundred $3,600.00) Dollars as alimony in solido.

The plaintiff-husband presents an additional issue claiming attorney's fee on appeal.

In contrast to the brevity of the issues, the facts, proceedings and disposition by the Trial Court are rather lengthy and complicated.

The complaint, filed by the husband on October 10, 1996, alleged inappropriate marital conduct and sought an absolute divorce pursuant to T.C.A. § 36-4-103.

The answer of the wife denied the relevant allegations of the complaint.

On July 17, 1997, the wife filed a counter-complaint alleging inappropriate marital conduct seeking an absolute divorce, support and division of marital estate.

The answer of the husband was a denial of misconduct.

The judgment of the Trial Court contains the following:

1.     The Court finds each party has grounds for divorce and therefore does hereby grant a divorce to the parties and ORDERS the parties are divorced pursuant to T.C.A. § 36-4-129.

2.     As concerns the division of marital property, the Joint Stipulation of the parties is adopted by the Court.

- - - -

5.     The Court hereby finds and ORDERS that the real property of the parties, which property is described in the deeds attached hereby as Exhibit "A" and Exhibit "B," including all improvements thereon is found to have a value of $116,500.00. The total mortgage debt encumbering said property is $14,180.20, such that there remains equity in said property of $102,319.80. The Wife shall have thirty (30) days from October 14, 1997 to pay to the Husband, in certified funds, the sum of $51,159.90 for his ½ interest in the equity of said property. If the Wife pays this money to the Husband, said property shall be quit-claimed by the Husband to the Wife to be hers absolute. If within said thirty (30) day period, the Wife does not make the payment as referenced above, the property shall immediately be placed for sale at auction to the highest bidder with Bob Parks Realty & Auction and the property shall be sold no less than 75 days from October 14, 1997. The parties shall own the property as tenants in common pending the equity buy-out of the Wife or the sale of the property as referenced herein.

The Wife shall be responsible for the mortgage debt and all other debts associated with the real property until the same is sold. If the property is sold at auction, then from the equity proceeds of the property shall be subtracted the realtors commission, expenses of the auction and the mortgage debt to SunTrust to reach the net equity after sale. Each party receive ½ of the net equity.

- - - -

7.     The Wife is awarded the IRA account in the name of the Husband valued at $7,219.49 and shall be responsible for any tax consequences that flow with the ownership of this IRA in any form.

- - - -

8.     The Court finds and hereby ORDERS after full consideration of the issue of alimony, including the factors set forth in T.C.A. § 36-5-101(d), this is not an appropriate case for rehabilitative alimony or long term alimony. The Court does, however, find that it is a proper case for alimony in solido and does hereby award alimony in solido in the amount of $3,600.00 to the Wife. This amount shall be paid to the Wife at the time she purchases the equity interest of the Husband by subtracting $3,600.00 from his ½ portion of the equity, or should the property be auctioned, then the $3,600.00 alimony in solido awarded shall be paid to the Wife at that time.

> 10. The Wife's request for assistance concerning her health insurance has been considered by the court and included within the alimony award and therefore this request is denied.
>
> 11. Each party shall pay their own attorney's fees and their own discretionary costs incurred in this manner.
>
> 12. The court costs of this cause shall be equally paid by the parties for which execution may issue if necessary.

**First Issue**: <u>Rehabilitive Alimony</u>

The parties were married March 23, 1986, at which time the husband was 44 years old and the wife was 39. They separated in September, 1996. The wife suffered from some health problems, but was working at the time of the separation. She was earning $7.20 per hour at the time of the trial. At the same time, the husband earned $9.31 per hour. During the marriage the parties accumulated a considerable marital estate which was divided equally. The portion alloted to the wife is substantial.

The factual determinations of a trial judge sitting without a jury are reviewed on appeal de novo with a presumption of correctness unless the evidence preponderates otherwise. TRAP Rule 13(d).

Trial Courts have great latitude of discretion as to the award of alimony. *Lancaster v. Lancaster*, Tenn. App. 1984, 671 S.W.2d 501. The award of alimony depends upon the unique facts of each case.

T.C.A. § 36-5-101(d) provides that a court may (not must) award rehabilitative alimony to a disadvantaged spouse.

Appellant argues that she is economically disadvantaged because the husband makes $2.11 more per hour than she makes. The statute does not require that spouses share equally

their joint incomes after they are divorced. Moreover, the amount realized from the division of marital estate is of considerable weight in determining the allowance of support to a disadvantaged spouse.

The wife insists that her earning ability is impaired, but she admits that she is working and offers no medical evidence of her present or probable future impairment.

The Trial Court did not commit reversible error in denying rehabilitative alimony.

**Second Issue**: <u>Alimony in solido</u>

The wife insists that the $3,600.00 award of alimony in solido is inadequate and requests this Court to increase it to $36,000. This would be in addition to the husband's IRA acount of $7,219.49 which was awarded to the wife.

This Court finds no error in the cash awards to the wife and affirms same.

Husband's Issue: <u>Attorney's fees on appeal</u>

This Court does not find the wife's appeal to be frivolous, or any other ground for awarding fees on appeal to either party.

The parties should be grateful that they emerged from their marriage in such favorable financial condition.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed equally. That is, each party shall pay one-half of same. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN THE RESULTS:
WILLIAM C. KOCH, JR., JUDGE